[Cite as *Byrd v. Fields*, 2012-Ohio-5257.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RANDY L. BYRD | ) | CASE NO. 12 CA 878 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CATHY FIELDS, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from the Municipal Court of
Carroll County, Ohio
Case No. CVG1100419

JUDGMENT:        Modified.

APPEARANCES:

For Plaintiff-Appellant:        Atty. Vincent L. Slabaugh
P.O. Box 836
Malvern, Ohio  44644

For Defendants-Appellees        Pro se

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  November 6, 2012

WAITE, P.J.

{¶1}   Appellant Randy L. Byrd appeals the decision of the Carroll County Municipal Court involving a breach of an oral month-to-month lease.  Byrd rented the property at 120 Bridge Street, Malvern, Ohio, to Appellees, Cathy and Jennifer Fields.  After a bench trial, the court awarded Appellant $400 in back rent.  Appellant claims that the court should have awarded an additional $650 for the last month of rent before Appellees vacated the premises, and should have also awarded $1,400 for a bird bath that was missing from the property.  Appellees have not filed a responsive brief for this appeal.  The record supports Appellant's contention that he should have been awarded an additional $650 in rent, as there is no dispute that the rent was $650 per month, Appellees moved out in December, and no rent was paid in December.  The trial court concluded that Appellees were not liable for the missing bird bath because Appellant testified that he did not own the item.  The record supports the trial court's decision regarding the bird bath.  However, since we partially sustain Appellant's argument, the judgment is hereby modified to add $650 to Appellant's judgment for a total of $1,050.

{¶2}   On November 10, 2011, Appellant filed a two-count complaint. Appellant alleged that the parties had a month-to-month oral lease of an apartment for $650 per month and that Appellees had only been paying $600 per month.  The first count sought eviction of the tenants and restitution of the property to the landlord.  The second count was for money damages.  Appellant asked for damages in the amount of $50 in underpaid rent for eight months, and the full rent amount of

$650 for November 2011. Appellant also asked for additional damages yet to be determined.

**{¶3}** The court awarded judgment to Appellant on count one, the eviction claim, on November 30, 2011. Appellees were ordered to vacate the premises by December 11, 2011. A bench trial was held on the damages claim on January 11, 2012. Appellant was represented by counsel, and the defendants represented themselves pro se. The only witness at the hearing was Appellant. Appellees asked a few questions as if on cross-examination at the hearing but declined to testify on their own behalf. Appellant testified that the rent was $650 per month, and that Appellees had only paid $600 from September of 2010 through May, 2011. Appellant testified that Appellees moved out in December of 2011. He testified that Appellees paid the partial rent for November, but did not pay any rent for December.

**{¶4}** Appellant further testified that his wife owned a bird bath that was missing from the apartment after Appellees moved out. He testified that a similar new bird bath would cost $1,700, but he thought the missing bird bath was worth $1,400. Appellant gave contradictory testimony as to whether the bird bath had been moved from Appellees' apartment to the garage, and there was no testimony as to who had control over the garage or who was liable for items stored in the garage. The court awarded Appellant $400 in damages for underpaid rent. The court did not discuss the issue of the unpaid rent for December of 2011. The court stated that it could not award damages for the bird bath because Appellant did not testify that he owned it. The court also stated that there was no basis for determining the value of

the bird bath. This appeal followed. Appellees have not filed a brief on appeal. Under App.R. 18(C), if the appellee has not filed a brief, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

<u>ASSIGNMENT OF ERROR NO. 1</u>

The trial court erred when it failed to award Plaintiff-Appellant the sum of $650.00 in rent charges due from Defendants-Appellees for December, 2011. The court's award of damages for rent due was against the preponderance/manifest weight of the evidence presented at the Second Cause/damages phase of the parties' forcible entry and detainer action.

**{¶5}** Appellant contends that the trial court should have awarded an additional $650 in rent for December of 2011. Reviewing courts will not reverse a judgment supported by some competent, credible evidence. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984). Credibility of witnesses is determined by the trier of fact. *Id.* The record indicates that the trial judge believed Appellant that the rent was $650 per month, and believed that Appellees were only paying him $600 per month. The judge awarded judgment to Appellant for underpaid rent for eight months based on a rental amount of $650. The record indicates that Appellees were ordered by the court to move out in December, that they moved out in December, and that they did not pay rent for December. Appellees did not testify at trial and have not filed a brief on appeal, thus, we have no conflicting evidence in

this record. The record reasonably reflects that Appellant should have been awarded an additional $650 in rent for the month of December. Appellant's first assignment of error is sustained.

<u>ASSIGNMENT OF ERROR NO. 2</u>

The trial court erred in not awarding Plaintiff-Appellant $1,400.00 as and for the value of the Plaintiff-Appellant's missing personal property (waterfall) which was part of the rental property prior to the Defendants-Appellees vacating of the premises. The court's failure to grant Plaintiff-Appellant the value of the waterfall was against the preponderance/manifest weight of the evidence presented at the Second Cause/damages phase of the parties' forcible entry and detainer action.

{¶6} Appellant argues that he also should have been awarded $1,400 for the missing bird bath. The evidence regarding the bird bath is based entirely on the credibility of Appellant, and the trial court did not find Appellant entirely credible on this issue. Credibility of witnesses is determined by the trier of fact. *Seasons Coal*, *supra*, at 81, 461 N.E.2d 1273. The testimony regarding the removal or relocation of the bird bath was less than clear. Appellant testified that the bird bath was moved from Appellees' apartment to the garage at some point during their tenancy, but there was no testimony that Appellees had any control over the garage or responsibility for items placed in the garage. Further, Appellant testified that the bird bath actually belonged to his wife, but she is not a party to this action. (Tr., p. 10.) There was also

testimony that the water in the birdbath had been stained with blue dye, staining the item itself and negatively affecting its value. (Tr., p. 13.) Based on Appellant's confusing testimony and the fact that the bird bath was, admittedly, not owned by Appellant, there is no reversible error in the trial court's decision.

**{¶7}** In conclusion, the record indicates that Appellant is owed $650 rent for the month of December, 2011, and we agree that the judgment should be modified to add this amount to the $400 awarded by the trial court, for a total damages award of $1,050. There is no merit to Appellant's argument that he should also have been awarded damages for a bird bath when his own testimony indicated that he did not own the item. Appellant's first assignment of error is sustained, and the second assignment of error is overruled.

**{¶8}** Judgment is granted to Plaintiff-Appellant Randy L. Byrd in the amount of $1,050.00 plus court costs, at 3% statutory interest.

Vukovich, J., concurs.

DeGenaro, J., concurs.